NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| XIOMARA YANETH SANCHEZ-VASQUEZ, et al., | No. 23-3918 |
| Petitioners, | Agency Nos. A220-598-834 A220-598-832 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 1, 2025**

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Xiomara Yaneth Sanchez-Vasquez and her minor son are natives and citizens of El Salvador. They petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming an order of an Immigration Judge ("IJ") denying Sanchez-Vasquez's applications for asylum, withholding of removal, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"When the BIA reviews the IJ's decision de novo, 'our review is limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted.'" *Park v. Garland*, 72 F.4th 965, 974 (9th Cir. 2023) (quoting *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021)). "We review purely legal questions de novo, and the agency's factual findings for substantial evidence." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under this "highly deferential" standard, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 583–84 (2020)); *see also* 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the BIA's denial of asylum and withholding of removal because Sanchez-Vasquez cannot show that the government of El Salvador would be unable or unwilling to protect her and her son. Sanchez-Vasquez does not present sufficient evidence to demonstrate that reporting the threats that she and her family received from gang members to the police "would

---

[1] Sanchez-Vasquez's son is a derivative beneficiary of her asylum application. He did not, however, file separate applications for withholding of removal and CAT protection. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, derivative relief is not available with respect to withholding of removal or CAT protection).

have been futile or have subjected [them] to further abuse." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006). And the record does not compel a different conclusion from the one that the BIA reached. *See Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.").[2]

2. Substantial evidence supports the BIA's denial of CAT protection because Sanchez-Vasquez did not establish a clear probability of torture. Sanchez-Vasquez fails to offer any evidence to establish a particularized risk of harm to her and her son. *See Garcia*, 988 F.3d at 1148 ("[A] speculative fear of torture is insufficient to satisfy the 'more likely than not' standard."); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (finding "generalized evidence of violence and crime in Mexico is not particular to [a petitioner] and is insufficient" to support a CAT claim). Sanchez-Vasquez and her son, moreover, lived in El Salvador without incident for nearly two years before leaving for the United States. *See Gomez Fernandez v. Barr*, 969 F.3d 1077, 1091 (9th Cir. 2020).

**PETITION DENIED.**[3]

---

[2] In light of this dispositive determination, we do not reach Sanchez-Vasquez's remaining arguments regarding her asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

[3] The temporary stay of removal remains in place until the mandate issues.